623 S.E.2d 642

**In the Matter of Craig J. POFF, Respondent.**

**No. 26080.**

Supreme Court of South Carolina.

Submitted Oct. 24, 2005.

Decided Dec. 12, 2005.

---

**2.** The parties agreed to the appointment of an attorney to protect respondent's clients' interests. By separate order, the Court will appoint an attorney to protect respondent's clients' interests.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Craig J. Poff, of Beaufort, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed sixty (60) days. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a sixty (60) day period. The facts, as set forth in the Agreement, are as follows.

## *FACTS*

In or about May 2003, the complainant obtained a home equity line of credit from Navy Federal Credit Union (Navy Federal). She was told by Navy Federal that Don Young would be the closing attorney. Don Young is the owner of American Title & Abstract; he is not a licensed attorney.

Respondent represents that, on the morning of May 12, 2003, a member of Mr. Young's office contacted him and asked if he could handle a closing in the afternoon. Respondent agreed to handle the closing. Respondent did not attend the closing; he represents he was unable to attend the closing at the scheduled time because he was in court on an unrelated matter.

Because he was unable to attend the closing, respondent telephoned a staff member at American Title & Abstract, where the closing was to occur, and requested that the complainant postpone the closing until he could arrive. When the complainant indicated she did not want any delay, respondent instructed the staff member to let the complainant execute the closing documents and leave them for him to review. Respondent never spoke with the complainant prior to executing the closing documents; he was not present at the closing itself;

and respondent did not speak with the complainant after the closing.

Respondent represents he arrived at American Title & Abstract the following morning and, for the first time, reviewed the closing documents. Respondent asserts he spoke with a staff member at American Title & Abstract who stated that she had been present when the complainant executed the closing documents. The staff member provided respondent with the mortgage which the complainant had signed at the closing the day before. On page seven of the mortgage, the staff member verified to respondent that her own signature appeared on the line designated as Witness # 1 and that she had personally observed the complainant execute the mortgage.

Respondent admits he affixed his signature on the line designated as Witness # 2 even though he had not been present for the closing and had not personally witnessed the complainant execute the mortgage. On page eight of the mortgage, respondent notarized the staff member's statement that she, along with the other witness delineated on page seven (i.e., respondent), had witnessed the execution of the mortgage. Respondent admits this was a false statement as he was not personally present at the time the complainant executed the mortgage. He further admits he allowed the staff member to falsely swear before him as a Notary Public.

Respondent admits that, after reviewing the mortgage and settlement statement, he returned all original documents to Navy Federal pursuant to Navy Federal's instructions. Respondent represents he did not file the mortgage as this was not within the scope of his representation when contacted to handle the closing by American Title & Abstract. Respondent admits he assisted American Title & Abstract and Navy Federal in engaging in the unauthorized practice of law and that he participated in a real estate closing in clear violation of this Court's precedent.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent

representation); Rule 1.2 (when lawyer knows client expects assistance not permitted by Rules of Professional Conduct, lawyer shall consult with client regarding relevant limitations on lawyer's conduct); Rule 5.5(b) (lawyer shall not assist a person who is not a member of the bar in the unauthorized practice of law); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).[1]  In addition, respondent admits his misconduct constitutes grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a sixty (60) day period.[2]  Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.  MOORE, J., not participating.

1.  Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct.  *See* Court Order dated June 20, 2005.  The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

2.  In the event the Court suspended respondent, the parties agreed to the appointment of an attorney to protect respondent's clients' interests.  By separate order, the Court will appoint an attorney to protect respondent's clients' interests.