654 S.E.2d 85

**In the Matter of C.H. BARRIER, Respondent.**

**No. 26395.**

Supreme Court of South Carolina.

Heard Oct. 16, 2007.

Decided Nov. 19, 2007.

A. Camden Lewis and Peter D. Protopapas, of Lewis & Babcock, of Columbia, for Respondent.

Barbara M. Seymour, Assistant Deputy Disciplinary Counsel, of Columbia, for the Office of Disciplinary Counsel.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, the sub-panel and full panel recommend an admonition and costs of $564.38. We impose a sixty day suspension.

## FACTS

Respondent graduated from law school in 2001. He went to work for attorney Jack Schoer in September 2002, performing three to four residential real estate closings per week. For four months, Respondent would go to Schoer's office, pick up a closing packet, attend a closing and review the documents with the borrower. He would then return the closing packet to Schoer's office. If a second witness was not present at the closing, Respondent would witness the signatures himself and return the packet to Schoer without a second witness' signature or notarization. Respondent was aware that at some point after the documents were returned, someone who was not actually at the closing would sign as a witness to the documents and would sign as notary.

In January 2003, Respondent ceased working for Schoer and began working as a judicial law clerk/staff attorney at the Court of Appeals. In late January 2003, while employed as a staff attorney, Respondent began conducting two to three closings per month for Schoer, in the same manner as described above. He continued this practice through April 2005,

at which time he left his position with the Court of Appeals and went to work full time for Schoer.

Formal charges were filed against Respondent in March 2006. The complaint alleged Respondent had engaged in the practice of law while working as a law clerk, and that he had assisted non-lawyers in the unauthorized practice of law. After a hearing, the sub-panel found Respondent had engaged in misconduct in regard to practicing law while employed as a law clerk in violation of Canon 5(D) of the Code of Conduct for Staff Attorneys and Law Clerks, Rule 506, SCACR. However, the sub-panel did not find misconduct with regard to assisting non-lawyers in the unauthorized practice of law. The sub-panel found that Respondent's actions regarding the real estate closings were wrong, but were not dishonest and did not amount to a misrepresentation such that they did not violate Rule 8.4(d).[1] It also found Respondent's character and inexperience mitigating, as well as the fact that he accepted full responsibility for his actions and was sincerely remorseful. The sub-panel recommended an admonition, and the full panel adopted the sub-panel's report and concurred with the recommended sanction. We disagree with the recommended sanction and impose a sixty day suspension.

## DISCUSSION

■ The authority to discipline attorneys and the manner in which the discipline is given rests entirely with the Supreme Court. *In re Yarborough,* 337 S.C. 245, 524 S.E.2d 100 (1999).

■ Canon 5(D), Rule 506, SCACR (the Code of Conduct for Staff Attorneys and Law Clerks), prohibits a staff attorney or law clerk from "undertak[ing] to perform legal services for any private client in return for remuneration." By practicing law while employed as a law clerk, Respondent has engaged in the unauthorized practice of law in violation of Rule 5.5, Rules of Professional Conduct, Rule 407, SCACR.

■ Further, we find Respondent's conduct in conjunction with the real estate closings constitutes a violation of the Rules of Professional Conduct, Rule 407, SCACR. In allowing

---

1. It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

the closing documents to be returned un-signed by a second witness, without proper notarization, with the knowledge that some other person who was not at the closing would subsequently sign as a witness and notarize his signature, we find Respondent violated Rule 8.4(d) (conduct involving dishonesty or misrepresentation) and Rule 8.4(e) (conduct prejudicial to the administration of justice).

We find Respondent's actions in this matter warrant a sixty day suspension from the practice of law. *See In re Poff,* 366 S.C. 542, 623 S.E.2d 642 (2005) (attorney's actions in representing title insurance company and not attending closings, but in signing and notarizing closing documents as if he had been witness warranted sixty day suspension); *In re Lattimore,* 361 S.C. 126, 604 S.E.2d 369 (2004) (attorney's misconduct, which included closing residential real estate loans in "flipping" transactions and allowing non-lawyers he supervised to notarize signatures they had not witnessed and to conduct real estate closings, warranted disbarment).

Accordingly, Respondent is definitely suspended from the practice of law for sixty days. Furthermore, we order respondent to pay the costs of these disciplinary proceedings to the Commission on Lawyer Conduct within 30 days of the date of this opinion. Respondent shall file an affidavit with the Clerk of Court, within 15 days of the date of this opinion, showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BEATTY, JJ., and Acting Justice DOROTHY MOBLEY JONES, concur.